UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> NOHMAAN RIAZ MALIK, <br><br> Defendant. | Magistrate No. 22-16126 <br><br> **OPINION** |

**José R. Almonte, U.S.M.J.**

This matter comes before the Court on the motion of Defendant Nohmaan Riaz Malik ("Defendant") for reconsideration of this Court's August 30, 2022 decision detaining him without bail (the "Motion"). ECF No. 9. For the reasons set forth below, Defendant's Motion is denied for lack of jurisdiction.

I.     BACKGROUND

On August 30, 2022, Defendant was arrested in the District of New Jersey based upon a criminal complaint filed in the United States District Court for the Northern District of Texas. ECF No. 1. The complaint alleges that Defendant participated in a conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344 and 1349. ECF No. 1 ¶ 3. To execute the scheme, Defendant and co-conspirators allegedly obtained and used counterfeit passport cards to impersonate accountholders at certain banks. ECF No. 1 ¶¶ 5-7.

The same day that Defendant was arrested, on August 30, 2022, he was brought before this Court for an initial appearance, pursuant to Rule 5 of the Federal

1

Rules of Criminal Procedure. ECF No. 2. At the initial appearance, Defendant requested bail with certain restrictions, and the Government opposed that request. The Court ordered that Defendant be detained and, as Rule 5(c)(3)(E) requires, that he be committed to the Northern District of Texas for further proceedings, as that is the district where the offense was allegedly committed. ECF No. 6.

On September 12, 2022, Defendant moved for "reconsideration" of this Court's August 30, 2022 decision regarding bail. ECF No. 9. Defendant's main argument is that there is new information that was not known to him at the time of the bail hearing, namely, that two additional individuals are willing to serve as co-signers to an unsecured bond. ECF No. 9 ¶ 10. On September 16, 2022, the Government opposed the Defendant's Motion, arguing that this Court no longer has jurisdiction over the matter. *See generally* ECF No. 10.

## II. DECISION

Defendant's Motion, although titled as a "Motion for Reconsideration," is a bail review motion at its core. Review of a detention order is governed by 18 U.S.C. § 3145(b), which states, in part:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, *with the court having original jurisdiction over the offense*, a motion for revocation or amendment of the order.

(emphasis added). The plain language of Section 3145 clearly contemplates that the party seeking to revoke or amend a detention order must bring that request to "the court having original jurisdiction over the offense." *Id.* In other words, the request

must be brought to "the district in which the prosecution is pending, not the court in which the magistrate judge sits." *United States v. El-Edwy*, 272 F.3d 149, 154 (2d Cir. 2001) (quotation omitted).

In this case, Defendant was arrested in the District of New Jersey based on a criminal complaint filed in the Northern District of Texas. That district, not New Jersey, is the one that has original jurisdiction over the offense. New Jersey's jurisdiction for purposes of bail review ceased once the case was transferred to the Northern District of Texas. *See, e.g., United States v. Tlatenchi*, No. 19-mj-00051, 2019 WL 5294950, at *1-2 (M.D. Pa. Oct. 18, 2019); *United States v. Green*, No. 19-mj-4016, 2020 U.S. Dist. LEXIS 1262 (S.D. Fla. 2019). Accordingly, any bail review motion shall be made in the Northern District of Texas.

### III. CONCLUSION

For the foregoing reasons, the Court holds that the District of New Jersey lacks jurisdiction to rule on Defendant's Motion (ECF No. 9). Defendant's Motion is therefore denied.

*s/José R. Almonte*
HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE

Date: September 23, 2022